UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANIEL RAMOS,<br>TDCJ No. 01691398,<br><br>　　　　　Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>　　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. SA-22-CA-0391-FB |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Daniel Ramos's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and supplemental memorandum in support. (ECF Nos. 1, 2). Also before the Court are respondent Bobby Lumpkin's Answer (ECF No. 10) and petitioner's Reply thereto (ECF No. 13). Petitioner challenges the constitutionality of his 2010 state court convictions for tampering with physical evidence and negligent homicide. In his Answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

**I. Background**

In December 2010, a Comal County jury convicted petitioner of criminally negligent homicide and sentenced him to twenty years of imprisonment. *State v. Ramos*, No. CR2010-180

(207th Dist. Ct., Comal Cnty., Tex. Dec. 6, 2010); (ECF No. 11-3 at 106-07). At the same trial, the jury also convicted petitioner of three counts of tampering with physical evidence, sentencing him to ten years of imprisonment on counts 1 and 2 and fifty years of imprisonment on count 3. *State v. Ramos*, No. CR2010-85 (207th Dist. Ct., Comal Cnty., Tex. Dec. 6, 2010); (ECF No. 12-15 at 11-16).[1] Petitioner's convictions were affirmed on direct appeal in a published opinion and his petition for discretionary review (PDR) was later refused by the Texas Court of Criminal Appeals on May 29, 2012. *Ramos v. State*, 351 S.W.3d 913 (Tex. App.—Amarillo, Oct. 3, 2011, pet. ref'd) (ECF No. 11-16); *Ramos v. State*, No. PD-1549-11 (Tex. Crim. App.) (ECF No. 11-26).

On September 12, 2013, petitioner challenged the constitutionality of his state court convictions by filing two state applications for habeas corpus relief. *Ex parte Ramos*, Nos. 80,397-01, -02 (Tex. Crim. App.) (ECF Nos. 11-29, 11-30). The Texas Court of Criminal Appeals ultimately denied the applications without written order on November 6, 2013. *Id*. at 2. Almost seven years later, petitioner filed two more state habeas applications challenging his convictions which the Texas Court of Criminal Appeals eventually dismissed as successive pursuant to Tex. Code Crim. Proc. Art. 11.07, § 4(a)-(c). *Ex parte Ramos*, Nos. 80,397-03, -04 (Tex. Crim. App.) (ECF Nos. 11-31, 11-34, 12-16, and 12-20).

Thereafter, petitioner placed the instant federal habeas petition in the prison mail system on April 13, 2022. (ECF No. 1 at 10). In the petition and supplemental memorandum that followed, petitioner contends: (1) he received ineffective assistance from his trial, appellate, and state habeas counsel, (2) the State committed misconduct by using a California conviction to enhance his punishment range, (3) he is entitled to an out-of-time direct appeal in cause number

---

[1] The trial court entered an agreed order joining this cause with cause number CR2010-180. (ECF No. 11-3 at 51).

CR2010-85, (4) the evidence was insufficient to support his convictions, and (5) he is actually innocent of all charges.

## II. Analysis

### A. Jurisdiction

In his § 2254 petition and supplemental memorandum, petitioner challenges the constitutionality of his 2010 conviction for criminally negligent homicide in cause number CR2010-180, as well as his three convictions for tampering with physical evidence in cause number CR2010-85. However, petitioner has already fully discharged two of his sentences for tampering—counts 1 and 2—prior to filing the instant federal petition. (ECF No. 10-1). While petitioner is still currently in custody, it is for the remaining fifty-year sentence in count 3 of cause number CR2010-85 and the concurrent twenty-year sentence he received for the homicide conviction in cause number CR2010-180.

Thus, this Court lacks jurisdiction under 28 U.S.C. § 2254 to entertain any challenge to either counts 1 or 2 of his 2010 convictions for tampering with physical evidence in cause number CR2010-85. *Maleng v. Cook*, 490 U.S. 485, 492 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."). The Court retains jurisdiction over challenges to the remaining conviction for tampering with evidence (count 3) in cause number CR2010-85 and his criminally negligent homicide conviction in cause number CR2010-180.

### B. The Statute of Limitations

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's convictions became final August 27, 2012, ninety days after the Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging the underlying convictions expired a year later on August 27, 2013. Because petitioner did not file his § 2254 petition until April 13, 2022—over eight and a half years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

    1.    <u>Statutory Tolling</u>

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing under § 2244(d)(1)(B) that an impediment created by the state government which violated the Constitution or federal law prevented petitioner from filing a timely petition. There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  While petitioner challenged the instant convictions by filing two applications for state post-conviction relief in September 2013, petitioner's limitations period for filing a federal petition had already expired the previous month on August 27, 2013.  Because all of the state habeas applications filed by petitioner—including the two successive applications filed in August 2020—were filed after the time for filing a federal petition under § 2244(d)(1) had lapsed, they does not toll the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  As such, the instant § 2254 petition, filed April 13, 2022, is still well over eight years too late.

    2.    <u>Equitable Tolling</u>

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights."  *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner makes no valid argument for equitably tolling the limitations period in this case.  Even with the benefit of liberal construction, petitioner has provided no reasonable justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not

rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period.  *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, petitioner fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in petitioner's federal petition concern the constitutionality of his December 2010 convictions for tampering and homicide, yet petitioner did not submit his first two state habeas corpus applications challenging these convictions until September 2013, well after his conviction had become final in August 2012.  This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application).

Further, petitioner has not provided any legitimate reason why he waited almost seven years after the Texas Court of Criminal Appeals denied his first two state habeas applications in November 2013 years before challenging his convictions again in his subsequent state habeas applications.  He similarly provides no explanation for why he waited another nine months after the dismissal of his third and fourth state habeas applications in July 2021 before filing the instant federal petition in this Court.

In short, petitioner fails to establish that his claims could not have been discovered and presented much earlier.  Because petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

3. Actual Innocence

Finally, petitioner appears to contend that his untimeliness should be excused because of the actual-innocence exception. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Petitioner seems to argue that the evidence did not support his negligent homicide conviction and that he was improperly sentenced for his tampering convictions. However, such conclusory assertions do not constitute "*new* reliable evidence" establishing his innocence. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.") (citation omitted); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). To the contrary, petitioner cites to no

evidence that was not already presented to the jury at his original trial. Such an allegation, unsupported by any argument or "newly-discovered evidence" that might call the jury's decision into question, is insufficient.

In addition to being conclusory and failing to establish his innocence, petitioner's arguments were already rejected by the state court during petitioner's state habeas proceedings and do not undermine confidence in the outcome of his trial. Consequently, the untimeliness of petitioner's federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.[2]

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

---

[2] To the extent petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), this claim still would not provide a cognizable basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). Although the one-year statute of limitations found in the AEDPA has been in place since 1996, petitioner provided no reasonable justification for missing the filing deadline by over eight years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV.  Conclusion and Order

After careful consideration, the Court concludes that it lacks jurisdiction under 28 U.S.C. § 2254 to entertain petitioner's challenges to counts 1 or 2 of his 2010 conviction for tampering with physical evidence in cause number CR2010-85. For his remaining convictions in cause number CR2010-85 and cause number CR2010-180, however, petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. To the extent petitioner Daniel Ramos challenges either counts 1 or 2 of his 2010 conviction for tampering with physical evidence in cause number CR2010-85, his § 2254 petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

2. For the remaining convictions in cause number CR2010-85 and cause number CR2010-180, federal habeas corpus relief is **DENIED** and petitioner's § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 31st day of December, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE